UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL L. WALLACE,  :

    Plaintiff,  :

vs.  :  Case No. 2:09-cv-0104
Judge James Graham
THE HUNTINGTON NATIONAL BANK,:  Magistrate Judge King

    Defendant.  :

## STIPULATED PROTECTIVE ORDER

The parties, by the signatures of their counsel on this Stipulated Protective Order, stipulate and agree to the following in relation to the production of documents and information by and between Defendant The Huntington National Bank ("Huntington") and Plaintiff Michael L. Wallace ("Wallace"), collectively the "Parties," during discovery in this proceeding:

1. Either party may designate documents, information and/or testimony produced or disclosed during discovery in this case to the other party as confidential and therefore protected by this Stipulated Protective Order (the "CONFIDENTIAL MATERIAL") by marking the same with the legend "CONFIDENTIAL." Only those documents, information and/or testimony that the designating party believes in good faith to be confidential and/or proprietary in nature shall be considered confidential and marked as such.

2. All Confidential Material is to be treated as confidential by the Parties and used only for the purposes of this proceeding and for no other purpose. Confidential Material shall not be used for any commercial, business, competitive or other purpose whatsoever.

3. The inadvertent production of any document, information or testimony without a "CONFIDENTIAL" designation shall not be deemed a waiver by the producing party as to the confidential nature of the document, information or testimony produced or estop the producing party from designating the document, information or testimony as Confidential at a later date. Disclosure of said document, information or testimony by the recipient prior to such later designation shall not be deemed a violation of this Stipulated Protective Order.

4. Except as otherwise ordered by a court of competent jurisdiction obtained after sufficient notice to all counsel of record or with the written consent of the producing party, Confidential Material produced during discovery by one party to the other party in this proceeding shall not be disclosed, transmitted or disseminated by the receiving party to any person other than the following:

  (a) Counsel of record for the respective parties in this proceeding, including their clerical or secretarial staff assigned to assist such counsel in this proceeding;

  (b) Any prospective independent outside experts or consultants engaged by counsel to assist such counsel in this proceeding, upon execution of the Agreement to Be Bound by Protective Order;

  (c) Any reprographic agency engaged for the purpose of reproducing or copying the Confidential Material and any deposition reporters engaged for any deposition at which Confidential Material is or may be produced;

  (d) Such officers, directors, and employees of the parties as counsel, in good faith, requires to assist such counsel in this proceeding; and

  (e) Any other person as to whom the parties may later agree in writing or as ordered by the Court and upon execution of the Agreement to Be Bound by Protective Order.

Any person given access to Confidential Material pursuant to subparagraphs (b) and (e) above shall, prior to disclosure of any such Confidential Material to any such person, be provided with a copy of this Order and shall execute the Agreement to Be Bound by Protective Order. Counsel for the Parties shall be provided, upon request, with a copy of each signed Agreement when any such

persons are designated as witnesses for trial or upon the final resolution of this proceeding, whichever occurs first. Nothing contained herein shall prevent or bar any counsel from obtaining a copy of each signed Agreement retained by opposing counsel in the event a breach or violation of this Order is alleged. Counsel shall so provide a copy of the Agreements upon request.

5. Counsel for the Parties will ensure that each of the attorneys, clerical or secretarial staff assigned to assist such counsel in this proceeding, and any other person to whom the Confidential Material is disclosed, disseminated or divulged pursuant to this Stipulated Protective Order are familiar with and have agreed to be bound by the terms of this Stipulated Protective Order by executing the Agreement to Be Bound by Protective Order attached hereto prior to disclosing, disseminating or divulging the Confidential Material to any said person.

6. Prior to disclosure of any of the Confidential Material to those identified in Paragraph 4(b) and (e) above, counsel for the disclosing party shall serve a copy of this Stipulated Protective Order on the person to whom the Confidential Material is to be disclosed, disseminated or divulged and obtain a signed Agreement to Be Bound by Protective Order by each said person. Persons receiving Confidential Material pursuant to this Stipulated Protective Order shall not reveal, disclose or discuss such Material to or with any person who is not entitled to receive such Confidential Material pursuant to Paragraph 4 above.

7. Counsel for the Parties or other individuals identified in Paragraph 4 of this Stipulated Protective Order are restrained from using, disclosing or otherwise divulging Confidential Material produced to them, as well as any information derived from the Confidential Material, except in connection with the prosecution or defense of this action.

8. Within thirty (30) days of the termination of this action (including appeals), all Confidential Material in possession of counsel for the Parties obtained from the other party and in the possession

of persons executing the Agreement to Be Bound by Protective Order as required by this Order shall either be destroyed or returned to opposing counsel. In the event the Confidential Material in possession of counsel for the Parties or in possession of persons executing the Agreement to Be Bound by Protective Order is to be destroyed rather than returned, counsel for the party electing to destroy shall provide written notice to the other counsel that the materials are to be destroyed rather than returned and, upon destruction, that the same have been destroyed.

9. Any party may apply to the United States District Court for the Southern District of Ohio, Eastern Division, on written notice and in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules, for an order amending, modifying or vacating this Stipulated Protective Order or any provision of it.

10. All Agreements to be Bound by Protective Order executed under this Stipulated Protective Order shall be retained by the disclosing party's counsel. The obligations of the undersigned Parties pursuant to this Stipulated Protective Order and of those receiving Confidential Material pursuant to execution of an Agreement to Be Bound by Protective Order shall survive termination or conclusion of this proceeding.

11. No Confidential Material or any paper containing or making reference to such Material shall be filed with the Court unless the filing party obtains an order from the Court, upon motion and for good cause shown, permitting the filing under seal or determining that the filing shall not be made under seal. Any such documents and/or information permitted by the Court to be filed under seal shall be placed in sealed envelope marked as follows:

> CONFIDENTIAL – THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO AN ORDER OF THE COURT GOVERNING DISCOVERY AND THE USE OF DOCUMENTS PURSUANT TO SUCH ORDER. THIS ENVELOPE SHALL NOT BE OPENED OR THE CONTENTS DISPLAYED EXCEPT PURSUANT TO THE TERMS OF THE

ORDER. VIOLATION OF SUCH ORDER MAY BE REGARDED AS CONTEMPT OF COURT.

12. Any summaries or notes produced from Confidential Material are subject to the provisions of this Order.

13. Any party may challenge the "CONFIDENTIAL" designation by first informally conferring with opposing counsel regarding the designation. If an agreement cannot be reached regarding the designation, the challenging party may, by motion and with notice to counsel for the other party, seek a judicial determination regarding the designation. Any such challenge shall be made in accordance with Paragraph 11 of this Order and the Confidential Material shall remain such unless ordered otherwise by the Court.

14. Nothing in this Order shall prevent any Confidential Material from being used by the Court or counsel of record at any hearing or proceeding in this litigation or from being offered or received as evidence at trial. Counsel agree to discuss upon completion of discovery and prior to trial potential methods for utilizing confidential information at trial. Nothing contained herein shall present counsel for either party from seeking a ruling from the Court to resolve any confidentiality issues that may arise prior to commencement of trial.

15. If Confidential Material is the subject of any deposition testimony or is attached to or otherwise included with a deposition transcript, those portions of the deposition transcript itself shall be deemed Confidential and designated as such by placing on the cover "CONFIDENTIAL." Such designation shall be made at the deposition or within ten (10) days following receipt of the transcript of said deposition by counsel.

16. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object or take any action, shall constitute a waiver of any right of any of the parties to seek and obtain protection or relief of any kind. The fact that the Confidential

Material is disclosed or produced pursuant to this Order shall not limit or prejudice the right of any party to this litigation (a) to seek a judicial determination of whether the discovery material should be produced or, if produced, whether the same should be subject to this Order, (b) to interpose an objection to a discovery request on any ground, (c) to seek protection greater than that provided herein or (d) to seek relief from this Stipulated Protective Order, either generally or in relation to any particular discovery material.

17.  Nothing contained herein shall be deemed to constitute a waiver of any applicable privilege.

18.  This Order is intended to apply only to documents and information obtained by one party to the proceeding from the other party to the proceeding and shall not apply to records or information obtained by a party from a source other than the opposing party in this proceeding.

IT IS SO ORDERED.

Dated: April 29, 2010

s/Norah McCann King
United States Magistrate Judge

Agreed:

THE HUNTINGTON NATIONAL BANK

By its attorney,

_____
JODY MICHELLE OSTER (OH #0041391)
The Huntington National Bank
41 South High Street, 5th floor
Columbus Ohio 43215
Phone : (614) 480-4540
Fax:  (614) 480-5404
Email: jody.oster@huntington.com

MICHAEL L. WALLACE

By his attorneys,

s/ Joseph C. Pickens
STEPHEN C. FITCH (0022322)
JOSEPH C. PICKENS (0076239)
Chester, Wilcox & Saxbe LLP
65 East State Street, Suite 1000
Columbus, Ohio   43215
Phone: (614) 221-4000
Fax: (614) 221-4012